## BREWER & AL. *vs.* SMITH.

Where one contracted to burn a kiln of bricks, for which he was to receive ten thousand of them when burnt, and he performed his part of the contract;—it was held that he had no vested interest in the bricks, which his creditor could attach, till actual or constructive delivery.

*Trespass* against the defendant, a deputy sheriff, for taking and carrying away 10,000 bricks from the plaintiffs' kiln. At the trial of this cause in the Court below, before *Whitman C. J.*, the defendant, in a brief statement, justified the taking of the bricks as the property of one *Thomes*, against whom he had in his hands a writ of attachment;—and read in evidence an agreement of the following tenor.—" Articles of agreement between *D. & D.* " *Brewer*, of, &c. and *Benjamin Thomes*, of, &c. witnesseth— " viz.—I the said *Benjamin Thomes* will take said *Brewers'* kiln " of brick situated in *Westbrook*, in its present situation, and put " it in the best order to burn, put fire to it, and burn the brick in " the best manner, said *Brewers* finding what more wood that is " necessary than is now alongside said kiln. And we the said " *Brewers* on our part do agree with said *Thomes*, if he the said " *Thomes* does burn said brick in the manner aforesaid, we will " deliver the said *Thomes*, at the kiln, after they are burnt, ten " thousand good hard-burnt bricks, suitable for the outside of a

" brick store or house, which is to be in full for the said *Thomes'*
" services for burning said brick".—Which was signed by the
parties.

The defendant then proved that previous to the time of the
attachment, the bricks had been fully burnt and finished ;—that
he gave notice to the plaintiffs that he was about to attach the
bricks belonging to *Thomes*, and requested them to be present
and set out his part, which they declined to do, and forbid him to
do it;—and that in removing the bricks he did the least possible
damage, carefully replacing the other bricks.

Upon this evidence the Judge was of opinion that *Thomes* had
no vested interest in the bricks, attachable by law; and directed
a verdict for the plaintiffs. To which the defendant excepted.

*Adams*, for the defendant.

In this case the defendant represents the vendee, and therefore
the law as between vender and vendee must govern the action.
Now it is clear that where nothing remains to be done by the
purchaser of goods, the property vests in him. *Montagu on Lien*
*p.* 18. 1 *Dane's Abr.* 234. But here *Thomes* had performed his
part of the contract, and was entitled to take to himself his por-
tion of the bricks. The goods being cumbrous, no manucaption
or actual delivery was necessary. *Jewett v. Warren* 12 *Mass.*
300. Nor is it necessary in any case, between vendor and vendee.
*Lampheare v. Sumner* 17 *Mass.* 110. *Meacher v. Wilson* 1 *Gal.*
419. *Chapman v. Rogers* 1 *East* 192.

The objection that the bricks were mingled in common with
the plaintiffs' cannot avail. *Thomes* was entitled to *any* ten thou-
sand in the kiln. *Whitehouse v. Frost* 12 *East* 614. And if the
plaintiffs can recover in this action, yet they must instantly deliver
over the bricks to *Thomes*, and the defendant may instantly seize
them.

*Hopkins*, on the other side, relied on the want of actual deliv-
ery, which he contended was necessary to constitute a vested
interest in the bricks, in favor of the debtor. Until that was
done, he had only a right of action against the plaintiffs, who might
have been summoned as his trustees. This, in truth, was the

only remedy suited to the case; as the plaintiffs then could avail themselves of any payments they had made to *Thomes* for his services in burning the bricks, of which his creditors, by attaching the bricks, would seek to deprive them.

WESTON J. delivered the opinion of the Court.

The validity of the defence in this case will depend upon the question whether *Benjamin Thomes*, at the time of the attachment of the bricks as his property, had therein a vested interest. The kiln originally belonged to the plaintiffs, who also furnished the wood to burn it. *Thomes* was to burn the bricks, for which service the plaintiffs agreed to deliver him ten thousand of the same bricks, after they should be burnt. *Thomes* performed the service; but it does not appear that the bricks have been delivered to him, as by the plaintiffs' contract they engaged to do; nor did they assent to the attachment, but forbade it. Until delivery, actual or constructive, the claim of *Thomes* rested in contract, for the breach of which his remedy was by action. There is no evidence in the case from which a constructive delivery can be inferred. The plaintiffs have done no act, except that of entering into the contract. It was not agreed that upon the performance of the service, *Thomes* was to take the bricks;— but they were to be delivered to him by the plaintiffs.

If, after the bricks were burnt, *Thomes* had demanded his ten thousand, and had been told by the plaintiffs to take them; or if any thing had been said or done by the plaintiffs, expressive of their assent that he should take them; that might have been sufficient, in an article of this description, to have vested the property in *Thomes*, so as to have rendered it liable to be taken at the suit of his creditor. But nothing of this kind appears.

We have examined the cases cited by the counsel for the defendant, and find them to have been cases of sale, supported by a diversity of proof as to delivery, actual or constructive. But this is not a case of sale; but of a contract to deliver, unattended with the circumstances from which a delivery can be presumed. The exceptions to the opinion of the Court below are overruled, and the

*Judgment affirmed.*